**Nos. 25-5503, 26-3852**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

GUARDANT HEALTH, INC.,

*Plaintiff-Appellee*,

*v.*

NATERA, INC.,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of California, No. 3:21-CV-04062 (Chen, J.)

**APPELLANT'S UNOPPOSED MOTION TO CONSOLIDATE APPEALS
AND TO PROCEED ON EXISTING BRIEFING SCHEDULE**

THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real Suite 400
Palo Alto, CA 94306
(650) 858-6000

SETH P. WAXMAN
JOHN HE
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington DC, 20037
(202) 663-6000

MICHAEL J. SUMMERSGILL
ADELA LILOLLARI
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

June 24, 2026

Pursuant to Federal Rule of Appellate Procedure 3(b)(2), Appellant Natera, Inc. moves this Court for an order consolidating appeal No. 25-5503 (the "2025 appeal") with appeal No. 26-3852 (the "2026 appeal") for all purposes, including panel assignment, oral argument, and decision. Consolidation is appropriate because these two appeals involve the same parties, arise out of the same underlying district court proceedings, and implicate identical issues. Because the 2025 appeal is already fully briefed and awaiting oral argument, Natera also respectfully requests that this Court order that the existing briefing in the 2025 appeal also govern the 2026 appeal. Appellee Guardant Health, Inc. does not oppose this motion.

## BACKGROUND

These appeals both arise out of *Guardant Health, Inc. v. Natera, Inc.*, No. 3:21-CV-04062-EMC (N.D. Cal.). On July 28, 2025, the district court entered an order denying in part and granting in part the parties' post-trial motions and directing the Clerk of the Court to enter a final judgment. D. Ct. Dkt. 950. When the Clerk did not immediately enter a final judgment on the docket, Natera filed a protective notice of appeal on August 26, 2025. D. Ct. Dkt. 996. Natera's 2025 appeal was docketed as Case No. 25-5503. It is currently fully briefed and awaiting oral argument.

1

On June 1, 2026, the district court entered a final judgment. D. Ct. Dkt. 1046. The only intervening ruling that occurred between the July 28, 2025, order and the June 1, 2026, final judgment related to how to apportion an award of attorney's fees and whether to impose other disciplinary measures against trial counsel as a sanction. *See* D. Ct. Dkt. 1041; *see also In re Dyer*, 322 F.3d 1178, 1186 (9th Cir. 2003) (noting that "unresolved issues related to attorneys' fees do not defeat finality"). Accordingly, under Federal Rule of Appellate Procedure 4(a)(2), Natera's first notice of appeal (Dkt. 996) "is treated as filed on the date of and after the entry" of the final judgment on June 1, 2026. Still, out of an abundance of caution, Natera filed a second protective notice of appeal on June 13, 2026. The 2026 appeal was docketed as Case No. 26-3852.

## ARGUMENT

Federal Rule of Appellate Procedure 3(b)(2) provides that "[w]hen the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Rule 3(b)(2) was added to "encourage consolidation of appeals whenever feasible," Fed. R. App. P. 3, advisory committee note (1967), and this Court will order consolidation if it "deems it appropriate and in the interests of justice," *United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978); *see also, e.g., United States v. Bright*, 596 F.3d 683, 690 (9th Cir. 2010) (consolidating appeals of a series of district court orders

2

against the same defendants); *Wilhoite v. TuSimple Holdings, Inc.*, No. 24-1608 (9th Cir. 2024), ECF Nos. 40, 45 (granting unopposed motion to consolidate appeals arising from series of preliminary injunctions issued against same defendant).

Natera will not appeal the only ruling issued after the 2025 notice of appeal was filed—*i.e.*, district court's sanctions ruling, which punished only Natera's trial counsel and not Natera itself. Accordingly, Natera's 2025 and 2026 appeals challenge precisely the same underlying orders entered by the same district court judge in favor of the same plaintiff (Guardant). Put slightly differently, every issue Natera would raise in 2026 appeal has already been fully aired in the 2025 appeal. Accordingly, an order consolidating the two appeals—and treating the briefing filed in the 2025 appeal as having also been filed in the 2026 appeal—will both avoid delay and save party and judicial resources. Indeed, absent consolidation, the parties and two separate panels of this Court will have to address the same issues, with potentially inconsistent results.

For these reasons, Natera respectfully requests that this Court (1) consolidate the 2025 appeal and the 2026 appeal for all purposes, including panel assignment, oral argument, and decision; and (2) direct that the briefing already filed in the 2025 appeal shall serve as the briefing in the consolidated appeal.

3

Respectfully submitted,

/s/ Seth P. Waxman

THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real Suite 400
Palo Alto, CA 94306
(650) 858-6000

SETH P. WAXMAN
JOHN HE
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington DC, 20037
(202) 663-6000

MICHAEL J. SUMMERSGILL
ADELA LILOLLARI
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

4

## CERTIFICATE OF COMPLIANCE

This document complies with the page limitation of Circuit Rule 27-1 (d) because it is less than 20 pages.  This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(e) because the motion has been prepared in Times New Roman font, size 14.

/s/ Seth P. Waxman
SETH P. WAXMAN